[Cite as *Ownerland Realty, Inc. v. Conversion Properties, L.L.C.*, 2022-Ohio-4032.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| ALEXANDER MARK MOKSIN, | : | APPEAL NO. C-220074 |
| and | : | TRIAL NO. A-2004171 |
| SIMON MOKSIN, | : | *O P I N I O N.* |
| Plaintiffs, | : | |
| and | : | |
| OWNERLAND REALTY, INC., | : | |
| Plaintiff-Appellant, | : | |
| vs. | : | |
| CONVERSION PROPERTIES LLC, | : | |
| MAYFAIR OF MONTGOMERY CONDOMINIUM, LLC, | : | |
| | : | |
| CHARLES K. SCHULMAN, | : | |
| MELVIN R. RUBIN, | : | |
| and | : | |
| MARILYN SHAFRON, | : | |
| Defendants-Appellees, | : | |
| and | : | |
| JOHN DOE, | : | |
| Defendant. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal: November 14, 2022

*Droder & Miller Co., L.P.A., Edward Collins* and *Jonathon Powell,* for Plaintiff-Appellant,

*Rapier & Bowling Co., L.P.A.,* and *Kyle M. Rapier,* for Defendants-Appellees.

**WINKLER, Judge.**

{¶1} On appeal, plaintiff-appellant Ownerland Realty, Inc., advances a single assignment of error in which it challenges the entry of summary judgment for defendants-appellees Conversion Properties L.L.C., Mayfair of Montgomery Condominium, L.L.C., Charles K. Schulman, Melvin R. Rubin, and Marilyn Shafron on Ownerland Realty's complaint. Ownerland Realty seeks recovery for breach of a written contract against two corporations and various individuals who are allegedly liable as shareholders. The record demonstrates that when granting summary judgment to the defendants-appellees, the trial court applied a six-year statute of limitations when an eight-year statute of limitations governs the breach-of-contract claim. Consequently, we reverse the trial court's judgment, and remand the cause for further proceedings.

{¶2} The dispute involves whether Ownerland Realty can recover for allegedly unpaid commissions related to the leasing and sale of "apartment condominiums." The lawsuit, filed in November 2020, initially involved two additional plaintiffs, but the trial court granted summary judgment to the defendants-appellees on those plaintiffs' claims due to lack of standing, and those plaintiffs have not appealed the judgment.

{¶3} The primary issue the defendants-appellees asserted in the trial court when seeking judgment in their favor with respect to Ownerland Realty involved whether Ownerland Realty's breach-of-contract claim was barred by the statute of limitations where Ownerland Realty's complaint related to commissions that were alleged as due and owing from February 2013.

{¶4} The trial court found Ownerland Realty's breach-of-contract claim barred by the statute of limitations, referencing the February 2013 date and the six-year statute of limitations found in R.C. 2305.07. The court granted summary judgment to the defendants-appellees on that basis. This court reviews the grant of summary judgment de novo, applying the standard set forth in Civ.R. 56. *See Comer v. Risko*, 106 Ohio St.3d 185, 2005-Ohio-4559, 833 N.E.2d 712, ¶ 8.

{¶5} The evidentiary material submitted below demonstrates that Ownerland Realty's claim is based upon a written contract that was originally signed in 2011 and was extended by written agreements through December 2014. R.C. 2305.06 is the general statute of limitations for an action based upon the breach of a written contract. That statute governs here. *See Jones v. Sittineasy L.L.C.*, 8th Dist. Cuyahoga No. 103294, 2016-Ohio-712, fn 1. When the complaint was filed in November 2020, that statute afforded an eight-year statute of limitations. The trial court applied the six-year statute of limitations found in R.C. 2305.07. This was error.

{¶6} The defendants-appellees concede the error but urge this court to uphold the trial court's judgment on other grounds that the trial court never reached. Considering the original motion and the arguments advanced, we decline to do so in the first instance. *See Sad Adlaka v. New York Life Ins. & Annuity Corp.*, 2015-Ohio-605, 27 N.E.3d 871, ¶ 9-10 (7th Dist.), and cases cited therein. The assignment of error is sustained. The trial court's judgment applying the statute of limitations in R.C. 2305.07 to bar Ownerland Realty's breach-of-contract claim concerning the written contract is reversed, as it barred a claim falling within the eight-year statute of limitations found in former R.C. 2305.06, and the cause is remanded for further proceedings.

4

Judgment reversed and cause remanded.

**MYERS, P.J.,** and **CROUSE, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.